Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SIMON J. BURCHETT PHOTOGRAPHY, INC.,   Case No.: 20-cv-1856

                Plaintiff,   **ECF CASE**

    v.   **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

GLOBAL PUBLISHERS, LLC,

                Defendant.
-----------------------------------------------------------------x

      Plaintiff SIMON J. BURCHETT PHOTIPGRAPHY, INC., by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant GLOBAL PUBLISHERS, LLC, for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA").  Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JUR\ISDICTION AND VENUE

      1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

2. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

3. This Court Has Jurisdiction Pursuant to CPLR 302(a)(3)(i).

4. Defendant committed an intentional tort from its headquarters in Cleveland, Ohio.

5. This is the tort of copyright infringement committed without the state.

6. Defendant regularly does or solicits business, or engages in other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

7. In this Judicial District alone, defendant has contracted and done business with the following companies: 5 B Capital Group, Autoexport, Inc., General Capital Corporation, National Bank of Pakistan, NY/NJ Port Authority, Tricomponent Products Corp., Victoria Paper Company, Inc., MDB of New York, Inc., Mitchell Drum Indus., Inc., Emondson Global, Inc., Accountnet, Inc., New York Computer Repair, and Angiuli & Gentile LLP.

8. Defendant claims to be a "global publisher" and New York companies and market is its primary focus.

9. The Copyrighted Image at issue here was used by defendant to promote a business (Maersk Line) located at Giralda Farms, Madison, NJ 07940.

10. Accordingly, defendant regularly does or solicits business, or engages in other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in the state.

11. Accordingly, this Court has jurisdiction over defendant pursuant to CPLR 302(a)(3)(i).

12. This Court also has jurisdiction pursuant to CPLR 302(a)(3)(ii).

13. Defendant was served with a notice to cease and desist four months prior to the date of this Complaint but refused.  For at least four months defendant was aware that its tortious acts had consequences in the State of New York.  Further, defendant derives substantially all of its revenue from interstate or international commerce.

14. Accordingly, jurisdiction is conferred over defendants pursuant to 302(a)(3)(ii).

## VENUE

15. A plaintiff may bring a case in: "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ;or (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."28 U.S.C. § 1391(b)(1)-(3).

16. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## DUE PROCESS

17. There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew had an effect in this Judicial District.

18. Defendant frequently contracts with companies in this Judicial District such that it reasonably knew it may be haled into this forum.

## PARTIES

19. Plaintiff SIMON J. BURCHETT PHOTOGRAPHY, INC. ("SJB") is a New York corporation with a headquarters located in Manhattan, New York.

20. Upon information and belief, defendant GLOBAL PUBLISHERS, LLC, ("GLOBAL") is a corporation with a headquarters located at 5055 N. Lydell Avenue Suite 2100, Glendale, WI 53217.

## FACTS

21. BURCHETT is owned by Simon Burchett, a world-renowned photographer who has been honored with many awards and accolades.

22. BURCHETT is the beneficial owner of the copyrighted image, by assignment, of the below image of the container ship Estelle Maersk titled "_L4A0291" U.S. Copyright Registration VA 2-019-846 (the "Copyrighted Image").

*

23. The Copyrighted Image was taken during the vessel's maiden voyage. The Estelle Maersk was the largest container ship in the world in 2006 when it made its maiden voyage from Algeciras for the Suez on November 27, 2006.

4

24.     Plaintiff took the Copyrighted Image during a four-hour plane ride, repeatedly circling the vessel.

25.     Mr. Burchett is accredited as a master photographer by the Master Photographers Association (the "MPA") in England.  To become accredited, a photographer must: (i) have professional liability insurance, (ii) show a substantial history of professional work, (iii) provide a detailed client list, (iv) produce a curriculum vitea, and (iv) pass an interview.

26.     In July 2019, Mr. Burchett won the very prestigious Gold Medal at the MPA's professional photographers' competition.  This is a national competition conducted by the MPA which is open to all professional photographers.  There are in excess of 1,000 images submitted to each competition.

27.     Plaintiff's Copyrighted Image titled "_L4A0297" of the Estelle Maersk received a Silver Medal at the Master Photographers Association competition in 2018.

**The Business of Defendant**

28.     Defendant GLOBAL is an international publisher of print and online yellow pages directories including the "Export Yellow Pages" and the "U.S. Trade Assistance Directory".

29.     Defendant copied, distributed, and publicly displayed plaintiff's Copyrighted Image, without a license or any authority, in both of the aforementioned business to business directories.

**EXPORT YELLOW PAGES**

30.     GLOBAL d/b/a Export Yellow Pages, copied, distributed, and publicly displayed the Copyrighted Image without license or authority at the following Internet

address:

<http://www.exportyellowpages.com/Search/CompanyDetail.aspx?companyId=973884>.  See below:



31. GLOBAL d/b/a U.S. Trade Assistance Directory published plaintiff's Copyrighted Image, without a license or authority, on the website located at: <http://www.ustradeassistance.com/Search/CompanyDetail.aspx?HierarchyId=243225&companyId=973884&page=1&pageSize=10&styp=None>. See below:



32. Defendant was put on notice of its infringing activity by demand to Cease and Desist and Notice of Litigation from plaintiff's counsel dated October 5, 2019. See **Exhibit 3**.

33. As of the date of this Complaint, four months after being put on notice, defendant has elected to continue to infringe, and plaintiff's unlicensed Copyrighted Image is still active on both of defendant's websites.

34. Defendant did not include plaintiff's name, the title of plaintiff's Copyrighted Image, its author, or information about the terms and conditions of use of plaintiff's Copyrighted Image.

35. Defendant's unlicensed exploitation of plaintiff's Copyrighted Image was, and is, purely commercial.

36. Defendant's blatant failure to license plaintiff's Copyrighted Image prior to its commercial use entitles plaintiff to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

37. Defendant's failure to cease and desist after notice from plaintiff's counsel, as well as its reckless disregard for plaintiff's rights, are separate reasons why plaintiff is entitled to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

38. Defendant has intentionally, or with reckless disregard, infringed plaintiff's right to copy, distribute, and publicly display plaintiff's Copyrighted Image pursuant to 17 U.S.C. § 106.  Plaintiff is entitled to its actual damages, as well as defendant's profit in excess of plaintiff's actual damages.  Alternatively, plaintiff may elect enhanced statutory damages, plus its reasonable attorneys' fees, costs, pre/post judgment interest.

39. Defendant's failure to include any copyright management information is a violation of 17 U.S.C. § 1202 – the DMCA.  Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

**ACTUAL DAMAGES**

40.     Plaintiff has suffered significant injuries due to defendant's acts.  Plaintiff is entitled to its licensing fee of $3,000 per year for each Article, as well as the license fees for every third-party infringer.

41.     Plaintiff is also entitled to its lost costs in obtaining the Copyrighted Image which are substantial.

42.     Plaintiff's Copyrighted Image was taken during the containership the Estelle Maersk's maiden voyage from Algeciras, Spain on November 27, 2006.

43.     The Estelle Maersk was the largest containership in the world in 2006 when it made its maiden voyage.

44.     Plaintiff took the Copyrighted Image during a four-hour plane ride, repeatedly circling the vessel to make sure every angle was captured.

45.     It took four hours of flight time to take the Copyrighted Image, at a cost of just under $12,000.  Travel, and other expenses was an additional $4,200.  That's $16,200 in hard costs alone.

46.     Defendant's profit in excess of plaintiff's actual damages is significant.  Subject to proof, plaintiff seeks all sales of defendant's anti-heeling pumping system product for the three years prior to the filing of this Complaint.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

47.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

48.     It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to and in the Copyrighted Image.

8

49. Defendant without license or authority from plaintiff, reproduced, publicly displayed, and/or distributed plaintiff's Copyrighted Image.

50. Defendant copied and publicly displayed the Copyrighted Image solely for the purpose of commercial gain.

51. Defendant refused to cease and desist after a demand from plaintiff's counsel.

52. Should plaintiff elect an award of statutory damages, only an award at the top of the statutory scale will serve as a deterrent to defendant.

53. At all times relevant to this Complaint, defendant's uses of the Copyrighted Image were not for criticism, comment, news reporting, teaching, scholarship, or research.

54. At all times relevant to this Complaint, defendant's uses were not transformative.

55. Defendant elected to reproduce, distribute, and/or publicly display plaintiff's Copyrighted Image, using the entirety of the image, without a license.

56. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Image as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of plaintiff's actual damages, and defendant's profits in excess of plaintiff's actual damages. Plaintiff may also elect to recover a statutory damage award. Defendant's acts were in reckless disregard of plaintiff's rights, and plaintiff is entitled to enhanced damages of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2).

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. §§ 1201-03

57. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

58.     Section 1202 provides in part: (b) [n]o person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.  17 U.S.C. § 1202(b).

59.     The DMCA states: "[d]efinition.—As used in this section, the term 'copyright management information' means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. (4) . . . the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work. (5) . . . the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work. (6) Terms and conditions for use of the work.  (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work." 17 U.S.C. § 1202(C); S.Rep. No. 105-190 (1988), note 18.

60. Plaintiff always distributes its copyrighted images, including the Copyrighted Image here, with embedded copyright management information ("CMI") which includes the title of the image, author name, copyright owner, and information concerning where the image was taken, and technical information about the image.

61. Defendant removed plaintiff's CMI, and copied, publicly displayed, and/or distributed the Copyrighted Image without this CMI.

62. Defendant has continued, for the four months preceding this Complaint, to continue to display and distribute the Copyrighted Image with no CMI, even after it was served with notice.

63. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. one statutory damage award for the U.S. Copyright Registration, including all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of up to $25,000 in statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5. the reasonable attorneys' fees and costs incurred by plaintiff in this action (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: February 2, 2020  **GARBARINI FITZGERALD P.C.**
New York, New York

By: *Richard M. Garbarini*
Richard M. Garbarini (RG 5496)